UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

QIAN CHEN,

    Plaintiff,

v.

SEATTLE OFFICE FOR CIVIL RIGHTS,

    Defendant.

Case No. 2:19-CV-01391-RAJ

**ORDER DECLINING SERVICE, GRANTING LEAVE TO AMEND, AND DENYING MOTION FOR TELEPHONIC COMMUNICATION WITH COURT**

Qian Chen, proceeding *pro se* and *in forma pauperis*, has filed a civil complaint. Dkt. 7. He also filed a motion requesting all communication and documents be submitted via the telephone. Dkt. 5. The complaint names the Seattle Office for Civil Rights as a defendant but is otherwise blank. The Court **DECLINES** to serve the complaint because it is deficient, but **GRANTS** Mr. Chen leave to file an amended complaint by **October 11, 2019**. Plaintiff's motion for telephonic communication is **DENIED**.

## DISCUSSION

"[T]he court shall dismiss the case at any time if the court determines that ... the action … (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). This provision applies to all actions filed *in forma pauperis*. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

ORDER DECLINING SERVICE, GRANTING LEAVE
TO AMEND, AND DENYING MOTION FOR
TELEPHONIC COMMUNICATION WITH COURT -
1

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same standard as is applied under Rule 12(b)(6). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Additionally, allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers" (*Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

To avoid dismissal for failure to state a claim, the plaintiff must include a short and plain statement of a claim, which shows that he is entitled to relief. This is required to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *See* Federal Rule of Civil Procedure Rule 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)). The plaintiff must include more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. A claim upon which the court can grant relief has facial plausibility; in other words, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

Because Mr. Chen has included no factual allegations in his complaint, it is impossible for the Court to discern what cause of action he is attempting to assert. Although the Clerk has designated this case as one asserting a claim under the Americans with Disabilities Act ("ADA"), there is nothing in Plaintiff's filings to indicate that he intended to bring such an action or in fact, any action at all. The Court notes that in a telephone communication with the Clerk of Court on August 30, 2019, Mr. Chen indicated that he meant to name the "Department of Education, Office of Civil Rights" as a defendant. Regardless of which entity is named, the Complaint is subject to dismissal because it contains no factual allegations.

Mr. Chen also told the Court Clerk that he does not intend to file anything further in this case and that he desires all communication with the Court to be via telephone because he is visually impaired. The Court finds no basis for granting such an extraordinary request, particularly as Mr. Chen previously filed several IFP applications and complaints in this District. *See* Case No. 2:07-cv-55-RSM *Chen v. University of Washington* (filed 01/12/07, closed 03/05/08); Case No. 2:07-cv-00514-TSZ *Chen v. United States Department of Education* (filed 04/06/07, closed 06/03/08); Case No. 2:08-cv-00160-JLR *Chen v. University of Washington* (filed 01/31/08, closed 06/03/08); Case No. 2:08-cv-00426-JCC *Chen v. University of Washington* (filed 03/13/08, closed 05/13/08); Case No. 2:08-cv-00427-RSL *Chen v. Martinez* (filed 03/13/08, closed 05/05/08); Case No. 2:11-cv-02140-EFS *Chen v. University of Washington et al* (filed 12/21/11, closed 03/19/12).

And at the time he filed the complaint in this action, Mr. Chen filed similarly blank IFP applications and blank complaints in seven other cases (naming some of the same parties

previously dismissed): *See* Case No. 2:19-cv-01386-RAJ *Chen v. Human Rights Commission*; Case No. 2:19-cv-01387-RAJ *Chen v. Martinez*; Case No. 2:19-cv-01388-RAJ *Chen v. City of Seattle*; Case No. 2:19-cv-01389-RAJ *Chen v. Cantwell*; Case No. 2:19-cv-01390-RAJ *Chen v. University of Washington*; Case No. 2:19-cv-01392-RAJ *Chen v. Department of Services for the Blind*, and Case No. 2:19-cv-01424-RAJ *Chen v. Social Security Administration*. In six of these cases, recommendations to deny Mr. Chen's *in forma pauperis* applications and dismiss his complaints without prejudice are pending and in Case No. 2:19-cv-1389, he has been ordered to submit an amended *in forma pauperis* application.

Notwithstanding the foregoing, the Court realizes Mr. Chen is proceeding *pro se* and therefore, grants Mr. Chen permission file an amended complaint that sets out in short, plain statements: what occurred, when it occurred, who was involved, and how plaintiff was harmed. Mr. Chen should file this amended complaint by **October 11, 2019.** The amended complaint must carry the same case number as this one. If Mr. Chen fails to timely file an amended complaint or files an amended complaint that fails to set forth factual allegations to allow the Court to meaningfully screen his complaint, this matter shall be dismissed with prejudice.

Plaintiff's motion for telephonic communication (Dkt. 5) is **DENIED**.

DATED this 13th day of September, 2019.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER DECLINING SERVICE, GRANTING LEAVE
TO AMEND, AND DENYING MOTION FOR
TELEPHONIC COMMUNICATION WITH COURT - 4